THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-cv-500-BO

---------------------------------------------------------------x
JOHN DOE,

                              Plaintiff,

               -against -

JANE DOE,

                             Defendant.
---------------------------------------------------------------x

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS MOTION FOR
LEAVE TO PROCEED UNDER PSEUDONYM**

Plaintiff John Doe (hereinafter referred to as "Plaintiff" or "John Doe"), by and through his attorneys, Nesenoff & Miltenberg, LLP and Ekstrand & Ekstrand, LLP, hereby seeks an Order granting permission to file a Complaint in the above-captioned matter as a pseudonymous Plaintiff. Defendant Jane Doe[1], a resident of North Carolina and student at Tulane University ("Tulane"), communicated false claims about John Doe to third parties to defame, humiliate, harass, and punish Plaintiff John Doe, also a student at Tulane during the incidents described herein, after Plaintiff and Jane Doe engaged in a consensual sexual encounter.

Thereafter, Jane Doe and another student (hereinafter "Sue Roe") conspired to target John Doe in furtherance of their self-interests, in retaliation for John Doe's refusal to enter into a committed relationship with either Jane Doe or Sue Roe, and in an effort to destroy John Doe's academic career and future career goals. Defendant Jane Doe strategically utilized and manipulated

---

[1] "Jane Doe" is a pseudonym. Consistent with Plaintiff's motion to proceed by pseudonym, all students shall be identified herein by pseudonym as well.

Tulane's Title IX investigation process to further a malicious vendetta against John Doe. Despite Jane Doe's inconsistent and varying accounts of the events, witness statements disproving Jane Doe's allegations, and significant exculpatory evidence, Tulane ultimately found John Doe responsible for nonconsensual sexual activity with Jane Doe and imposed a sanction of expulsion.

Plaintiff is seeking damages that resulted from Jane Doe's actions. John Doe has suffered physical, psychological, emotional and reputational damages. He has also suffered, and will continue to suffer, economic injuries, the loss of educational and career opportunities, and loss of future potential earnings as a result of the expulsion, corresponding disciplinary mark on his academic record. The threat of further spread of false allegations that John Doe is a perpetrator of sexual assault is ever-present.

In light of the highly sensitive and personal nature of the allegations in the Complaint, mainly involving claims of sexual misconduct, Plaintiff is justifiably concerned about the potential irreparable harm, not only to his reputation, but also to his livelihood, in that this information, if revealed, will prevent him from continuing his education and obtaining gainful employment. Plaintiff should be allowed the opportunity to clear his name without further sullying his reputation by allowing public access to his identity, or the identity of his accusers. Accordingly, Plaintiff respectfully moves for leave to proceed under the pseudonym "John Doe" and to identify Defendant "Jane Doe" and fellow accuser "Sue Roe" in this action.

## STATEMENT OF FACTS

The statement of facts pertinent to this motion is provided in the simultaneously filed Complaint, which together detail the highly sensitive nature of the matter involving false and insupportable accusations of sexual misconduct. These sensitive facts, it is respectfully submitted, satisfy the legal criteria for filing and proceeding under a pseudonym.

**ARGUMENT**

While the Federal Rules of Civil Procedure require that the complaint "include the names of all the parties," and that an action be prosecuted "in the name of the real party in interest," the decision whether to allow a plaintiff to proceed anonymously is within the discretion of the trial court. Fed. R. Civ. P. 10(a), 17(a)(1); *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993). The Fourth Circuit has recognized that in "appropriate circumstances anonymity may, as a matter of discretion, be permitted. This simply recognizes that privacy or confidentiality concerns are sometimes sufficiently critical that parties or witnesses should be allowed this rare dispensation. A necessary corollary is that there is a judicial duty to inquire into the circumstances of particular cases to determine whether the dispensation is warranted." *James v. Jacobson*, 6 F.3d at 238.

Thus, many courts, including those in the Fourth Circuit, have held under similar circumstances that a party may proceed anonymously. *Painter v. Doe*, 2016 WL 3766466, at *6 (W.D.N.C. July 13, 2016) (stating that allegations of sexual misconduct are sufficiently sensitive and personal to support proceeding under a pseudonym); *Doe v. Virginia Polytechnic Inst. & State Univ.,* 2022 WL 972629 (W.D. Va. Mar. 29, 2022); *Doe v. Virginia Polytechnic Inst. & State Univ.*, 2018 WL 5929647 (W.D. Va. Nov. 13, 2018); *Doe v. Rector & Visitors of George Mason Univ.*, 179 F. Supp. 3d 583, 592-94 (E.D. Va. 2016) (allowing plaintiff accused of sexual assault to proceed under pseudonym); *Doe v. Alger*, 317 F.R.D. 37 (W.D. Va. 2016) (allowing the alleged perpetrator and victim of sexual assault to proceed under fictitious names; *Doe v. Univ. of Denver,* 2018 WL 1304530 (D. Colo. Mar. 13, 2018); *Doe v. Brown Univ.*, 210 F. Supp. 3d 310 (D.R.I. 2016)*; Doe v. Columbia Univ.,* 831 F.3d 46 (2d Cir. 2016); *Doe v. Univ. of the South,* 687 F. Supp. 2d 744 (E.D. Tenn. 2009); *Doe v. Brandeis Univ.,* 177 F. Supp. 3d 561 (D. Mass. 2016); *Doe v. Salisbury Univ.,* 2015 WL 3478134 (D. Md. 2015); *Doe v. Univ. of Cincinnati*, 872 F.3d 393 (6th

Cir. 2017); *Doe v. Univ. of Montana*, 2012 WL 2416481 (D. Mont. 2012) ("With respect to the individual students involved in the Student Conduct Code proceeding, as well as the witnesses and University Court members involved in that proceeding, the Court finds that the interests of those individuals in avoiding undue embarrassment, harassment, and disclosure of sensitive private information outweigh the public's need to know their names," *citing Does I–XXIII v. Advanced Textile Corp.,* 214 F.3d 1058, 1068–69 (9th Cir. 2000)).

This is so because "[t]he crucial interests served by open judicial proceedings are not compromised by allowing a party to proceed anonymously. If a plaintiff is granted leave to proceed under a pseudonym, the public is not denied its right to attend the proceedings or inspect the court's opinions and orders on the underlying constitutional issue." *Doe v. Virginia Polytechnic Inst. & State Univ.,* 2018 WL 5929647, at *2 (W.D. Va. Nov. 13, 2018) (internal citations omitted).

The Fourth Circuit set out a non-exhaustive five-part test to consider when a plaintiff requests to proceed under a pseudonym. *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993). The factors to be considered are: (1) whether the requesting party seeks to preserve his privacy in a sensitive and highly personal matter; (2) whether there is a risk of retaliatory physical or mental harm to a party or other non-party due to the identification; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and (5) whether there is a risk of unfairness to the opposing party in granting the motion. *Id.* (citations omitted).

I. **<u>Allegations of Sexual Assault Are a Highly Personal and Sensitive Matter</u>**

The underlying facts in this case relate mainly to allegations against the Plaintiff of sexual misconduct communicated to third parties, including classmates and Tulane's Title IX office, by

two female students. Ultimately, John Doe was erroneously found responsible and expelled from Tulane. John Doe seeks to minimize the harm of Jane Doe's claims that he engaged in any sexual misconduct, and to prevent further harm. Requiring John Doe to proceed under his real name, or disclose the names of his accusers, would cause the precise harm that he seeks to avoid and presumably his accusers would also choose to avoid.

In light of the nature of this case, private and intimate details regarding the lives of John Doe and Jane Doe will be at issue. Moreover, the reason for bringing the lawsuit is to restore John Doe's good name. If John Doe is required to disclose his identity in this litigation, the harm would already be done. John Doe's name will forever be publicly associated with allegations of gender-based misconduct, specifically, sexual misconduct. For these reasons, courts have routinely found that in cases involving allegations of this nature, the parties should be allowed to proceed under pseudonym. *See Doe v. Virginia Polytechnic Inst. & State Univ.*, 2020 WL 1287960 at *3 (W.D. Va. Mar. 18, 2020 (allegations of sexual assault involve sensitive and highly personal facts that can invite harassment and ridicule, and weighs heavily in favor of allowing a plaintiff to proceed by pseudonym); *George Mason Univ.*, 179 F. Supp. 3d at 592-94; *Painter v. Doe*, 2016 WL 3766466, at *6.

Since the interests at play here are of a highly sensitive nature, this factor weighs heavily in favor of anonymity. John Doe is seeking in this litigation to have his good name restored. If his name is public, then he can never be made whole because this sensitive and prejudicial information will be published in the public arena and the damage will have been done.

## II. The Identification of John Doe Poses Potential Retaliatory Physical and Mental Harm

The second factor likewise weighs in John Doe's favor. If his identity is disclosed, John Doe could be targeted for retaliatory physical or mental harm based solely on the accusation of sexual misconduct. *George Mason Univ.*, 179 F. Supp. 3d at 593.

Under the current social climate, there is no doubt that accusations of sexual misconduct are sufficient to tarnish a reputation. It does not matter that the accused has not been convicted of a crime. In this instance, Jane Doe spread false and highly damning claims of a sexual nature about John Doe to classmates, friends, and Tulane's administration, and even if this Court finds that Jane Doe conspired with Sue Roe to defame John Doe, that does not change the damage done if his request for anonymity is denied. Having to live with this public reputation would be detrimental to Doe's physical and mental health.

Moreover, it would be harmful to publicize the names of the female accusers as it would subject them to "unwanted scrutiny, harassment and ridicule." See *Virginia Polytechnic Inst. & State Univ.*, 2022 WL 972629 at *2. Therefore, this factor also weighs in favor of anonymity.

## III. John Doe, Jane Doe, and Sue Roe Are All Young Adults

John Doe was in college at the time of the alleged misconduct. The female students were also college students at the time of the alleged misconduct. While they are young adults, some courts have stated that being over eighteen years old should not be held against a college student seeking anonymity. *Yacovelli v. Moeser*, 2004 U.S. Dist. LEXIS 9152, *24 (M.D.N.C. May 20, 2004). While this factor does not weigh towards providing anonymity, it does not weigh against it either.

**IV.     The Lawsuit Is Against Both Government and Private Parties**

When a plaintiff challenges the government, courts are more likely to allow him or her to proceed under a pseudonym than in cases involving private parties, since actions against private individuals may harm their reputations.  *Yacovelli,* 2004 U.S. Dist. LEXIS 9152, *8; *Painter*, 2016 WL 3766466, at *6; *Virginia Polytechnic Inst. & State Univ.,* 2022 WL 972629 at *3 (Courts are more likely to permit a plaintiff to proceed under a pseudonym in actions against the government because government entities typically do not involve injury to reputation).  Here, the Defendant is a private person, but John Doe requests to maintain Defendant's anonymity as well for the reasons explained above.

The only information that the public needs regarding John Doe and Jane Doe is that they were all students at Tulane. There is no public interest in learning the identities of John Doe or Jane Doe through this litigation; it is sufficient that the underlying facts and legal claims are public. Therefore, this factor is neutral, at worst, and at best, favors proceeding under a pseudonym.

**V.     There Is No Risk of Unfairness to Defendant**

Allowing John Doe to proceed under a pseudonym will not inhibit the Defendant from defending herself against the allegations raised by John Doe in this suit.  Jane Doe is well aware of John Doe's identity, as Jane Doe was party to the investigation process conducted by Tulane, during which his identity was disclosed.  Therefore, permitting John Doe to remain anonymous will not result in any prejudice to Defendant.  This factor also weighs against revealing John Doe's identity to the public.

## CONCLUSION

The Court should allow John Doe, Jane Doe, and Sue Roe to proceed anonymously because of the highly sensitive and private nature of the issues before the Court, and the lack of prejudice to Defendant Jane Doe. Therefore, John Doe requests that he be allowed to proceed pseudonymously for the duration of this litigation.

Dated: New York, New York
December 8, 2022

**Respectfully submitted,**

**NESENOFF & MILTENBERG, LLP**
*Attorneys for Plaintiff*

**By:** /s/ *Andrew Miltenberg*
Andrew T. Miltenberg, Esq.
363 Seventh Avenue, Fifth Floor
New York, New York 10001
Tel (212) 736-4500
amiltenberg@nmllplaw.com

-and-

**EKSTRAND AND EKSTRAND, LLP**

**By:** /s/ *Robert Ekstrand*
Robert C. Ekstrand, Esq.
N.C. Bar No. 26673
110 Swift Avenue, 2nd Floor
Durham, North Carolina 27705
Tel. (919) 416-4590
rce@ninthstreetlaw.com
Local Civil Rule 83.1(d) Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on December 8, 2022, I filed the foregoing brief using the court's CM/ECF system, which will provide notice to all counsel of record, and, further that I will serve all defendants with the foregoing brief along with the complaint and summons.

NESENOFF & MILTENBERG, LLP
Attorneys for Plaintiff

By: /s/ Andrew Miltenberg
Andrew T. Miltenberg, Esq.
363 Seventh Avenue, Fifth Floor
New York, New York 10001
(212) 736-4500
amiltenberg@nmllplaw.com

EKSTRAND AND EKSTRAND, LLP

By: /s/ Robert Ekstrand
Robert C. Ekstrand, Esq.
N.C. Bar No. 26673
110 Swift Avenue, 2nd Floor
Durham, North Carolina 27705
Tel. (919) 416-4590
rce@ninthstreetlaw.com
Local Civil Rule 83.1(d) Counsel for Plaintiff