IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:22-CV-00500-D-BM

| | |
|---|---|
| IAN McLAUGHLIN,<br><br>        Plaintiff,<br><br>v.<br><br>LILY CHIN,<br><br>        Defendant. | DEFENDANT LILY CHIN'S BRIEF IN OPPOSITION TO MOTION TO SEAL |

## INTRODUCTION

Plaintiff Ian McLaughlin asks the Court to seal a variety of filings to prevent him from being identified as the plaintiff in his case against Tulane University, where the district court allowed him to proceed under a pseudonym. The information Mr. McLaughlin seeks to seal is publicly available. He asks the Court to seal his complaint and a subpoena from the Tulane case, the pseudonym order in that case, and unredacted versions of the parties' briefs with information that Mr. McLaughlin says would connect this case to the Tulane case. Mr. McLaughlin cannot meet the burden to justify sealing these documents, where Mr. McLaughlin's own public filings already identify him as the plaintiff in the Tulane case. Therefore, the motion to seal is properly denied, except as to the redaction of Mr. McLaughlin's phone number.

## STATEMENT OF RELEVANT FACTS

On December 8, 2022, Mr. McLaughlin brought this action against Lily Chin, alleging that Ms. Chin falsely accused him of sexual assault while the two were students at Tulane University, and asserting claims for defamation, abuse of process, tortious interference with contract, intentional infliction of emotional distress, and civil conspiracy. Compl. ¶¶ 92-153 (DE 1). Mr. McLaughlin did not use his real name in his complaint. *See id. passim.* This Court

denied Mr. McLaughlin's motion for leave to proceed by pseudonym, and he appealed to the United States Court of Appeals for the Fourth Circuit. (DE 8, 9).

After the parties briefed the appeal, Mr. McLaughlin filed a notice of supplemental authority in the Fourth Circuit. *See* ECF No. 40, *Doe v. Doe*, No. 23-1058 (4th Cir. May 16, 2023) (Exhibit 1) (DE 46-1) (filed provisionally under seal). In the notice, Mr. McLaughlin, then calling himself "Mr. Doe," identified himself as the plaintiff in another case, and he provided the party names, case number, federal district court, and name of the judge assigned to that case. *See id.* Mr. McLaughlin also attached to the notice an order entered in the other case allowing him to proceed by pseudonym. *See id.* Mr. McLaughlin did not ask the Fourth Circuit to seal this supplemental authority. *See* Docket *passim*, *Doe v. Doe*, No. 23-1058 (4th Cir.).

The Fourth Circuit affirmed this Court's decision and remanded for further proceedings. (DE 22). Mr. McLaughlin filed an amended complaint using his real name and thus revealing that the "John Doe" in this case is Ian McLaughlin. *See* Am. Compl. ¶¶ 92-153 (DE 23).

On December 15, 2023, Ms. Chin moved to transfer this case to the Eastern District of Louisiana, and to dismiss the complaint in part for failure to state a claim upon which relief can be granted. (DE 27, 29). Several hours before filing Ms. Chin's motion to transfer and supporting documents, counsel for Ms. Chin emailed counsel for Mr. McLaughlin to advise that Ms. Chin would file, as attachments to her motion to transfer, the complaint and subpoena from the Tulane case. Declaration of Kelly Margolis Dagger ¶ 3 (attached as Exhibit 2) (DE 45-2); 12/15/2023 Email from J. Weiss to K. Gorycki (attached as Exhibit 3) (DE 45-3). Ms. Chin's counsel asked whether Mr. McLaughlin wanted Ms. Chin to file those documents under seal. 12/15/2023 Email from J. Weiss to K. Gorycki (DE 45-3). When Mr. McLaughlin's counsel had not responded after several hours, Ms. Chin filed the complaint and subpoena from the Tulane

2

case (DE 30-1, -2), and her brief in support of motion to transfer (DE 31), provisionally under seal, not wanting to jeopardize Mr. McLaughlin's ability to file a motion to seal if his counsel had not had time to review and respond to the email. Dagger Decl. ¶ 3 (DE 45-2).

Immediately after filing the provisionally sealed documents on December 15, 2023, Ms. Chin filed a notice of filing. (DE 32). Ms. Chin indicated in the notice that she did not contend that the documents should be sealed, but she understood that Mr. McLaughlin might contend that the documents would link him to another case where he was identified by a pseudonym. (*Id.*). Ms. Chin gave notice that, pursuant to CM/ECF Policy Manual § V.G.1(e), Mr. McLaughlin had seven days to move to seal the documents if he so desired. (*Id.*).

On January 17, 2024, Mr. McLaughlin's counsel asked Ms. Chin's counsel for Ms. Chin's position on a motion to seal the provisionally sealed documents from December 15, 2023, the order of the other district court allowing Mr. McLaughlin to proceed by pseudonym, to redact references from Mr. McLaughlin's brief that "could lead a member of the public to link this case to" the Tulane case, and to redact Mr. McLaughlin's phone number from an exhibit. Dagger Decl. ¶ 4 (DE 45-2); 1/17/2024 Email from K. Gorycki to K. Dagger (attached as Exhibit 4) (DE 45-4). Ms. Chin's counsel responded that Ms. Chin consented to redaction of the phone number, and otherwise opposed the motion to seal. Dagger Decl. ¶ 4 (DE 45-2); 1/17/2024 Email from K. Dagger to K. Gorycki (DE 45-4).

Mr. McLaughlin then filed a proposed sealed brief in opposition to the motion to transfer (DE 38), a redacted public version of the same brief (DE 37), and two proposed sealed exhibits, Exhibit F and Exhibit G (DE 36-1, -2). In a publicly filed declaration, Mr. McLaughlin's counsel described Exhibit G as "a true and correct copy of the pseudonym order entered in Plaintiff's action against Tulane University." Miltenberg Decl. ¶ 10 (DE 35).

3

In the public version of his brief in opposition to the motion to transfer, Mr. McLaughlin redacted some material, but disclosed that he is pursuing an action against Tulane. (*See* DE 37 at 7 (referring to Mr. McLaughlin's "action against Tulane"); *id.* at 20-23, 26, 30 (referring eight times to either "the Tulane action" or "the Tulane Action")).[1] In the same publicly filed brief, Mr. McLaughlin cited and described the notice of supplemental authority he filed with the Fourth Circuit when he appealed this Court's order denying leave to proceed by pseudonym:

> On May 16, 2023, Plaintiff's counsel filed a notice in the Fourth Circuit that Plaintiff was granted pseudonym protection in his action against Tulane (the "Tulane Order"). Appeal Dkt. #40.

(*Id.* at 7). Mr. McLaughlin also identified the appeal docket he was referring to: "*John Doe v. Jane Doe*, Appeal No. 23-1058 (4th Cir.) (the 'Appeal Dkt.')." (*Id.*).

Mr. McLaughlin asks the Court to seal the unredacted version of his brief in opposition to motion to transfer, Ms. Chin's brief in support of motion to transfer, the complaint and subpoena from Mr. McLaughlin's action against Tulane (DE 30-1, -2), the pseudonym order (DE 36-2), and the unredacted version of a petition for restraining order from Louisiana state court (DE 36-1). (DE 43 at 2). For the reasons set forth below, the motion to seal is properly denied except as to the unredacted petition for restraining order.

## ARGUMENT

I.  MR. McLAUGHLIN CANNOT SHOW THAT COUNTERVAILING INTERESTS HEAVILY OUTWEIGH THE PUBLIC INTEREST IN ACCESS TO JUDICIAL RECORDS.

"The common law presumes a right of the public to inspect and copy all judicial records and documents." *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004)

---

[1] Ms. Chin refers to the CM/ECF pagination when citing a docket entry with a pinpoint citation.

(quotation omitted).[2] The presumption of public access "can be rebutted if countervailing interests heavily outweigh the public interests in access." *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). "The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption." *Id.* "Some of the factors to be weighed in the common law balancing test 'include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records.'" *Va. Dep't of State Police*, 386 F.3d at 575 (quoting *In re Knight Publ'g Co.*, 743 F.3d 231, 235 (4th Cir. 1984)). This case does not involve any historical event, but the remaining factors and the presumption of public access warrant denying the motion to seal.

A.  Ms. Chin Does Not Seek the Records for an Improper Purpose.

Contrary to Mr. McLaughlin's suggestion, Ms. Chin does not seek the records for any improper purpose. (*See* DE 43 at 5). Ms. Chin does not seek to "harass, punish or intimidate" Mr. McLaughlin (*id.*); rather, she is defending a lawsuit that Mr. McLaughlin brought because Ms. Chin reported that he sexually assaulted her. Ms. Chin's efforts to ensure that Mr. McLaughlin had an opportunity to ask the Court to consider sealing the documents at issue belie any inference that she is acting for an improper purpose. *See supra* pp. 2-3. Although Ms. Chin is not bound by the pseudonym order in the Tulane case where she is not a party (*see* DE 36-2), and no court order prohibited Ms. Chin from publicly referencing another public court

---

[2] The Fourth Circuit has not decided whether the First Amendment right of access applies to a motion to transfer, but another court "assume[d] without deciding that only the common law protection applies . . . ." *Accreditation Comm'n for Health Care, Inc. v. NextLOGiK, Inc.*, No. 5:20-cv-46-M, 2020 WL 2543787, at *2 (E.D.N.C. May 19, 2020). Because Mr. McLaughlin cannot overcome the common law presumption of access, he could not overcome the First Amendment presumption if it applied.

5

docket or other public court filings, Ms. Chin solicited Mr. McLaughlin's position on sealing and filed the documents provisionally under seal when she could not immediately obtain his position. *See supra* pp. 2-3.

> B. Mr. McLaughlin's Prior Public Disclosure of Information Linking This Case to the Tulane Case Warrants Denial of His Motion to Seal.

Mr. McLaughlin cannot show that his interest in protecting his anonymity in the Tulane action is "urgent and compelling," or that the Court's determination on his motion to seal "will have a direct impact on the effectiveness" of the pseudonym order in the Tulane case. (DE 43 at 6-7). The filing of documents from the Tulane case with this Court is not to blame for compromising Mr. McLaughlin's anonymity in the Tulane case. Rather, Mr. McLaughlin chose to link the two cases in a public court filing when he thought that link supported his argument in the Fourth Circuit. *See* ECF No. 40, *Doe v. Doe*, No. 23-1058 (4th Cir. May 16, 2023) (DE 46-1). He cannot now attempt to conceal that link because he lost his appeal and elected to use his real name in this case instead of dismissing it.

Courts regularly decline to seal information that is already available to the public. *See, e.g.*, *Gonzalez v. Jaddou*, 7:18-CV-135-BO, 2021 WL 3686931, at *3 (E.D.N.C. Aug. 18, 2021) (recognizing that public availability of information movant sought to seal weighed in favor of public access); *United States v. Hroub*, No. 5:20-CR-00250-M-2, 2020 WL 3805168, at *3 (E.D.N.C. July 7, 2020) (denying motion to seal information that was already publicly available); *Griffis v. Duke Energy Progress*, No. 5:19-CV-00119-FL, 2020 WL 8970785, at *2 (E.D.N.C. Mar. 11, 2020) ("Given that the information in the documents is already publicly available there is no reason to place them under seal."); *United States v. Thomas*, No. 4:08-CR-00020-BR, 2019 WL 3137561, at *1 (E.D.N.C. July 15, 2019) (declining to seal documents subject to First Amendment right of access where information was already known to some and "[s]ealing the

6

subject documents now will not change what is already public knowledge"); *Covington v. Herbel*, No. 5:09-CT-3176-D, 2011 WL 2269407, at *3 (E.D.N.C. June 7, 2011) (denying motion to seal where information at issue was available in unsealed filings); *United States v. Griffith*, No. 5:04-CR-347-2F, 2006 WL 8442701, at *2-3 (E.D.N.C. Aug. 2, 2006) (denying motion to seal upon finding that public already had access to information movant sought to seal). For example, when a party seeks to seal a document that it has also filed publicly on the court docket, courts have denied motions to seal. *See Eshelman v. Puma Biotechnology, Inc.*, No. 7:16-CV-18-D, 2018 WL 287664, at *2 (E.D.N.C. Jan. 3, 2018) (denying motion to seal deposition transcript that was also publicly filed); *Capitol Comm'n, Inc. v. Capitol Ministries*, No. 5:11-CV-00214-BO, 2013 WL 5369421, at *1 (E.D.N.C. Sept. 24, 2013) (denying motion to seal document where unsealed version was already in the record); *see also Johnson v. City of Fayetteville*, No. 5:12-CV-456-F, 2014 WL 7151147, at *13 (E.D.N.C. Dec. 11, 2014) (concluding that where "the documents will now appear on the public docket, there appears to be little reason to keep another version sealed on the docket").

Mr. McLaughlin publicly filed the pseudonym order he now seeks to seal on the Fourth Circuit docket in this case, ECF No. 40, *Doe v. Doe*, No. 23-1058 (4th Cir. May 16, 2023) (DE 46-1), and he referred to that public filing by docket number in his public brief in opposition to the motion to transfer (DE 37 at 7). Mr. McLaughlin's public filing in the Fourth Circuit contains all the information needed to locate another document he seeks to seal—the complaint he filed in the Tulane action. *See* ECF No. 40, *Doe v. Doe*, No. 23-1058 (4th Cir. May 16, 2023) (DE 46-1). Because the public can already determine from Mr. McLaughlin's own public filings in this case that Mr. McLaughlin is the plaintiff in the Tulane action, Mr. McLaughlin cannot carry his burden to show that sealing information linking the two cases is warranted.

7

In addition to Mr. McLaughlin's express identification of his other case in a Fourth Circuit filing, his filings with this Court contain more than enough information to link the two cases. Mr. McLaughlin made clear in his public filings with this Court that he is the plaintiff in a case against Tulane where he has been permitted to use a pseudonym, that the case against Tulane arises under Title IX, and that he was expelled from Tulane on May 8, 2022, as a result of Tulane's Title IX investigation. (*See* DE 43 at 2 (referring, in public filing, to "complaint filed by Plaintiff in an action against Tulane University in which he has been granted pseudonym protection"); DE 37 at 30 (quoting, in public filing, Ms. Chin's reference in sealed filing to "his Title IX case against Tulane"); Am. Compl. ¶¶ 46-48, 90 (alleging that he was expelled after Title IX investigation)). A PACER search of all cases filed against Tulane University between January 1, 2022, and January 1, 2024, produces only a single case with a pseudonymous plaintiff, demonstrating the ease with which Mr. McLaughlin's case against Tulane can be identified. *See* Dagger Decl. ¶ 5 (DE 45-2); 1/22/2024 PACER Case Locator Search Result (Exhibit 5) (DE 46-2) (filed provisionally under seal).

Because of Mr. McLaughlin's own public disclosures, a member of the public can readily determine that Mr. McLaughlin is the pseudonymous plaintiff in his case against Tulane. *See* ECF No. 40, *Doe v. Doe*, No. 23-1058 (4th Cir. May 16, 2023) (DE 46-1). Mr. McLaughlin has not kept the details needed to link the two cases private, and he cannot show that his alleged interest in privacy outweighs the public's right of access. *See supra* pp. 6-7 (citing cases).

C.     Mr. McLaughlin's Motion to Seal Is Untimely to the Extent That He Seeks to Seal Ms. Chin's December 15, 2023 Filings.

The local rules prohibit sealed filing absent a motion seeking leave to file under seal in accordance with Section V.G of the CM/ECF Policy Manual, unless otherwise permitted in Section V.G. *See* Local Civil Rule 79.2(a), (b)(1). According to CM/ECF Policy Manual, when

8

a party seeks to file material designated confidential by another party, the filing party must provisionally file the material under seal and provide notice to the party who desires to maintain the information under seal. *See* CM/ECF Policy Manual § V.G.1(e). Then, "[w]ithin 7 days after service of such notice, the party or entity desiring that the material be maintained under seal must file a motion to seal, supporting memorandum and proposed order in accordance with Section V.G.1 of the Policy Manual." *Id.* § V.G.1(e)(ii).

Ms. Chin filed her provisionally sealed brief in support of motion to transfer (DE 31), and the provisionally sealed exhibits to her motion to transfer (DE 30-1, -2), on December 15, 2023, and gave notice of such sealed filings on the same date (DE 32). Mr. McLaughlin moved to seal the documents more than one month later, on January 17, 2024. (DE 42). Because the motion to seal is untimely as to the brief in support of motion to transfer and provisionally sealed exhibits to the motion to transfer, it is properly denied for that additional reason. *See generally Hanson v. Owens*, No. 5:14-CT-3078-D, 2015 WL 13214282, at *2 (E.D.N.C. Oct. 16, 2015) (Jones, Mag. J.) (denying motion "as untimely and for failure to comply with the Local Rules").

II. MS. CHIN CONSENTS TO THE REDACTION OF MR. McLAUGHLIN'S PHONE NUMBER AND THE SEALING OF THE UNREDACTED PETITION FOR RESTRAINING ORDER BECAUSE THE REDACTED INFORMATION IS NOT A JUDICIAL RECORD.

"[D]ocuments filed with the court are 'judicial records' if they play a role in the adjudicative process, or adjudicate substantive rights." *In re U.S. for an Order Pursuant to 18 U.S.C. § 2703(D)*, 707 F.3d 283, 290 (4th Cir. 2013). Documents filed but not considered by a court are not judicial records, and no presumption of public access attaches. *See In re NC Swine Farm Nuisance Litig.*, No. 5:15-CV-00013-BR, 2017 WL 5178038, at *14 (E.D.N.C. Nov. 8, 2017) (concluding that, because court had not considered expert report, "it is not a judicial record, and the public is not entitled to access"). A party seeking to seal information that is not a

9

judicial record need not overcome the presumption of public access.  *See United States v. Moussaoui*, 65 F. App'x 881, 889 (4th Cir. 2003) (recognizing that balancing test would be conducted only as to documents subject to right of public access).

Ms. Chin consents to the redaction of Mr. McLaughlin's phone number, and the sealing of the unredacted version of the petition for restraining order, because the Court can properly find that the redacted information is not a judicial record.  Ms. Chin questions whether Mr. McLaughlin could overcome the presumption of public access, if it applied, because Ms. Chin's counsel was able to locate the unredacted petition in public Louisiana court documents.  *See* Dagger Decl. ¶ 6 (DE 45-2).  Further, Mr. McLaughlin's counsel concedes that the petition was publicly filed.  *See* 1/17/2024 Email from K. Gorycki to K. Dagger (DE 45-4).  Although the petition is publicly available, Mr. McLaughlin's phone number is immaterial and need not be considered in the resolution of any dispute in this action.  The unredacted version of the petition can be sealed without the showing required for the other documents, because the redacted information is not a judicial record.  *See Senderra Rx Partners, LLC v. Blue Cross Blue Shield of N.C.*, No. 1:18-CV-871, 2019 WL 9633640, at *3 (M.D.N.C. July 26, 2019) (sealing unredacted version of document where court did not consider redacted portions and thus "the redacted information is not a judicial record").

## CONCLUSION

For the reasons stated above, Defendant Lily Chin respectfully requests that the Court deny Plaintiff Ian McLaughlin's motion to seal, except to the extent that he seeks to seal the unredacted version of Ms. Chin's petition for restraining order (DE 36-1).

10

Case 5:22-cv-00500-D-BM   Document 45   Filed 01/22/24   Page 10 of 11

This the 22nd day of January, 2024.

                                            ELLIS & WINTERS LLP

                                            /s/ Kelly Margolis Dagger
                                            Kelly Margolis Dagger
                                            N.C. State Bar No. 44329
                                            kelly.dagger@elliswinters.com
                                            James M. Weiss
                                            N.C. State Bar No. 42386
                                            jamie.weiss@elliswinters.com
                                            Chelsea Pieroni
                                            N.C. State Bar No. 59816
                                            chelsea.pieroni@elliswinters.com
                                            P.O. Box 33550
                                            Raleigh, NC 27636
                                            Telephone: (919) 865-7000
                                            Facsimile: (919) 865-7010

                                            *Counsel for Defendant Lily Chin*