IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| IAN McLAUGHLIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 5:22-CV-00500-D-BM |
| | ) |
| LILY CHIN, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE ECF NOS. 46-1 AND 46-2 UNDER SEAL**

**NESENOFF & MILTENBERG, LLP**
Andrew T. Miltenberg, Esq.
State Bar No. 2399582
Kara L. Gorycki
State Bar No. 4140992
363 Seventh Avenue
Fifth Floor
New York, New York 10001
(212) 736-4500
amiltenberg@nmllplaw.com
kgorycki@nmllplaw.com

*Attorneys for Plaintiff*

**EKSTRAND AND EKSTRAND, LLP**
Robert C. Ekstrand, Esq.
N.C. Bar No. 26673
110 Swift Avenue, 2nd Floor Durham, North Carolina 27705 Tel. (919) 416-4590
rce@ninthstreetlaw.com
*Local Civil Rule 83.1(d) Counsel for Plaintiff*

## INTRODUCTION

Plaintiff Ian McLaughlin ("Plaintiff") respectfully submits this Memorandum of Law in Support of Plaintiff's Motion for Leave to File Under Seal. Plaintiff seeks to file, or maintain, under seal **ECF Nos. 46-1 and 46-2**, which are, respectively, Exhibits 1 and 5 to the Declaration of Kelly Margolis Dagger in Support of Defendant's Opposition to Plaintiff's *January 17, 2024* Motion to Seal (ECF No. 46, the "Dagger Declaration") (collectively, the "Sealed Documents").

## ARGUMENT

### THE COURT SHOULD GRANT PLAINTIFF'S MOTION TO SEAL

Plaintiff files this Motion to Seal (the "Motion") to preserve his ability to proceed under pseudonym in a separate action he has filed in a different federal district court (the "Second Action") pursuant to an order of the federal district judge presiding over that action.

This Court has the authority to seal materials contained in the record. *See, e.g., Stone v. University of Maryland Medical Systems Corp.*, 855 F.2d 178 (4th Cir. 1988). In accordance with *Stone* and the requirements of Local Rule 79.2, a party seeking to have a document under seal must comply with Section V.G. of the CM/ECF Policy Manual. Section V.G. provides that the party seeking the sealing of docketed materials must submit a supporting memorandum that specifies:

- (i) the exact document or item, or portions thereof, for which filing under seal is requested;
- (ii) How such request to seal overcomes the common law or the First Amendment presumption to access;
- (iii) The specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interest in access;
- (iv) The reasons why alternatives to sealing are inadequate; and
- (v) Whether there is consent to the motion.

*See S*ection V.G., CM/ECF Policy Manual.

Plaintiff addresses each of these criteria below.

**A. Defendant Has Not Consented to this Motion**

Defendant does not consent to the filing of the Sealed Documents under seal.

**B. The Documents (or Portions Thereof) Plaintiff Seeks To File Under Seal**

1. **ECF No. 46-1 (Exhibit 1 to the Dagger Declaration)**: This is a letter filed by counsel for Plaintiff in the appeal Plaintiff took from this Court's January 5, 2023 order denying Plaintiff permission to proceed anonymously in this action (ECF No. 8). The letter advised the Fourth Circuit of an order issued by the federal district court judge presiding over the Second Action granting Plaintiff the right to proceed in that action under pseudonym, and attached a copy of said order. Both the letter from counsel and the order identify the case name and number of the Second Action. If filed publicly in connection with this action, any person viewing the case docket in this action will be able to readily identify Plaintiff in the Second Action.

2. **ECF No. 46-2 (Exhibit 5 to the Dagger Declaration)**: This is a printed result list from a query seeking all actions filed against Tulane University ("Tulane") in 2022 and 2023 pending in the federal district court in which the Second Action was filed. All of the actions that appear on the list are identified by case number and name. The only action on the result list with a plaintiff employing a pseudonym is the Second Action. The Sealed Document, viewed in connection with the Dagger Declaration, Defendant's Opposition to the Motion to Seal, and filed on the docket in this case will expose Plaintiff's identity in the Second Action.

**C. This Request to Seal Overcomes Any Presumption to Public Access to the Materials at Issue; The Specific Qualities of the Material At Issue Favor Sealing in the Context of a Balancing of Plaintiff's Interests and Harm and the Public's Interest and Harm.**

   1. *Applicable Standards*

   A court considering a motion to maintain documents under seal must first determine the

2

nature of the information and the public's right to access. *Stone,* 855 F.2d at 180. The common law presumption in favor of access attaches to all judicial records and documents; by contrast, First Amendment protection is limited to certain judicial records and documents, for example those attached to a dispositive motion. *Id.* There is no First Amendment right of access where the documents sought to be sealed are not submitted in support of or opposition to any motion seeking dispositive relief. *See, e.g., Covington v. Semones*, No. 7:06cv00614, 2007 WL 1170644, at *2 (W.D. Va. April 17, 2017) ("In this instance, as the exhibits at issue were filed in connection with a non-dispositive motion, it is clear there is no First Amendment right of access."); *Silicon Knights, Inc. v. Epic Games, Inc.*, No. 5:07-CV-275-D, 2008 WL 2019648, at *1 (E.D.N.C. May 8, 2008) (right of access at issue arose under the common law where documents to be sealed did not pertain to dispositive relief).

The court must (1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives. *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000) (citations omitted).

2. *Application to the Sealed Documents*

The Sealed Documents are exhibits to Defendant's Opposition to Plaintiff's Motion to Seal dated January 17, 2024 (ECF Nos. 42-43). That motion is not dispositive. Therefore the Sealed Documents are not subject to the presumption of public access under the First Amendment, but only that under the common law.

The presumption of access under the common law is not absolute and its scope is a matter left to the discretion of the district court. *See, e.g., Va. Dep't of State Police v. Washington*

*Post*, 386 F.3d 567, 575 (4th Cir. 2004); *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). Any presumption of access under the common law "'can be rebutted if countervailing interests heavily outweigh the public interests in access,' and '[t]he party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption.'" *Washington Post*, 386 F.3d at 575 (quoting *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir.1988)).

The party seeking the sealing of materials is only required to demonstrate the necessity and propriety of sealing the documents at issue; the court, in its discretion, may seal such documents if it deems such sealing appropriate. *See, e.g., Hall v. United Air Lines, Inc.*, 296 F. Supp. 2d 652, 680 (E.D.N.C. 2003).

The Court may consider several factors to make this determination: "whether the [material is] sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records." *Gonzalez v. Cuccinelli*, No. 19-1435, 2021 WL 127196 (4th Cir. Jan. 14, 2021) (quoting *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984); citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597–608 (1978)).

Plaintiff submits that to the extent the documents he seeks to file under seal would reveal his identity in the Second Action, it may be sought for improper purposes, including to harass, punish or intimidate him. The public has minimal interest in access to the order issued in the Second Action granting Plaintiff the right to proceed therein anonymously ***because that order is available to the public on the ECF system for the district court in which the Second Action is pending***. And the public's interest in the results of a Pacer query that any member of the public

4

could conduct on their own is minimal if not nonexistent. Because the Sealed Documents contain information already accessible to the public, they would only be of interest to a member of the public who is seeking to obtain the identity of the plaintiff in the Second Action. It is unclear whether under applicable caselaw the interest of members of the public in circumventing the order of a federal district court permitting a party to proceed anonymously in an action is even cognizable.[1]

In any event, balanced against the minimal impact the sealing requested here would have on public access to information, ***Plaintiff's interest in protecting his anonymity in the Second Action is both urgent and compelling***. The Second Action involves Plaintiff's sexual conduct. It will involve the disclosure of private, intimate details concerning sexual interactions. *See, e.g., Doe v. Rector & Visitors of George Mason Univ.*, 179 F. Supp. 3d 583, 593-594 (E.D. Va. 2016) ("what justifies the use of pseudonym here is plaintiff's status as an accused perpetrator of sexual misconduct … he should not have his name forever associated in the public mind with an accusation that carries a significant social stigma"); *Doe v. Univ. of St. Thomas*, No, 16-cv-1127, 2016 WL 9307609, at *2 (D. Minn. May 25, 2016) ("forcing Mr. Doe to proceed under his true name would guarantee a permanent label as a sexual offender, discoverable with a simple Google search"). Moreover, because he is challenging a university's Title IX proceeding based on sexual misconduct in the Second Action, Plaintiff faces "potential retaliatory and emotional harm" if his association with that case is exposed. *See, e.g., Doe v. Grinnell College*, No. 4:17-cv-079, 2017 WL 11646145, at *3 (S.D. Iowa July 10, 2017) (citing *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189–90 (2d Cir. 2008)).

In cases such as the Second Action, where students seek to expunge findings of sexual

---

[1] Undersigned counsel has not found any federal caselaw addressing this question.

misconduct from their university records, requiring them to proceed against the universities in their own name would risk causing them the very harm they are seeking to remedy. *See e.g., Doe v. Virginia Polytechnic Inst.*, No. 7:21-CV-378, 2022 WL 972629, at *3-4 (W.D. Va. Mar. 30, 2022) ("Doe is seeking injunctive relief to expunge the allegations of sexual misconduct from his record. If his identity in this lawsuit is disclosed, it will greatly undermine any relief to which he may be entitled."); *Doe v. Univ. of Mississippi*, 2018 WL 1703013, at *2 (Apr. 6, 2018); *Grinnell College*, 2017 WL 11646145, at *3; *Doe v. Alger*, 317 F.R.D. 37, 42 (W.D. Va. 2016).

***An additional factor should also be considered here: This Court's determination concerning sealing will have a direct impact on the effectiveness of a sister court's protective order*** – the order issued by the judge presiding over the Second Action permitting Plaintiff to proceed therein pseudonymously. If made accessible to the public on this Court's docket, the Sealed Documents will reveal Plaintiff as the plaintiff in the Second Action. The effect of this would be to nullify the anonymity order issued by the judge presiding over the Second Action to protect Plaintiff from harm.

"[D]istrict courts have relied upon considerations of comity to avoid modifying or invalidating rulings from other courts." *Owlet Baby Care, Inc. v. Masimo Corp.*, No. 2:21-MC-00096-TS-JCB, 2021 WL 1753537, at *3 (D. Utah May 4, 2021). A denial of this Motion would not *expressly* modify the anonymity order issued in the Second Action. Nevertheless, the reasoning employed by federal courts in cases in which they are asked by parties to modify ***protective orders issued in other cases*** is highly relevant here: "Courts which have been called upon to decide discovery motions that involve requests to modify or terminate a protective order previously issued by another court, whether state or federal, have frequently felt constrained by

6

principles of comity, courtesy, and, where a federal court is asked to take such action with regard to a previously issued state court protective order, federalism." *Tucker v. Ohtsu Tire & Rubber Co.*, 191 F.R.D. 495, 499 (D. Md. 2000). "When the production of discovery documents would violate a protective order entered in a separate litigation, '[p]rinciples of comity and respect for preexisting judicial orders generally compel the parties to return to the court that issued the existing protective order for any modifications.' " *Horton v. Love's Travel Stops & Country Stores, Inc.*, No. 1:19CV1193, 2021 WL 7162555, at *3 (M.D.N.C. Mar. 29, 2021) (quoting *Bowen v. Adidas Am., Inc.*, No. CV 3:18-3118-JFA, 2021 WL 425889, at *1 (D.S.C. Feb. 5, 2021)); *see also, e.g.*, *Santiago v. Honeywell Int'l, Inc.*, No. 16-CIV-25359, 2017 WL 3610599, at *2 (S.D. Fla. Apr. 6, 2017) (denying a motion to modify a protective order issued by another court); *Dushkin Publ'g Grp., Inc. v. Kinko's Serv. Corp.*, 136 F.R.D. 334, 335 (D.D.C. 1991) (refusing "as a matter of comity" to order production of documents covered by a protective order issued by another court).

These factors supporting Plaintiff's request for sealing far outweigh the public's minimal need or interest in accessing the Sealed Documents.

**D. Necessity of Sealing, Inadequacy of Alternatives**

The Court has previously rejected Plaintiff's request to proceed pseudonymously and the Fourth Circuit affirmed that ruling. Accordingly, there are no alternatives of which undersigned counsel is aware that will prevent the exposure of Plaintiff's identity as the plaintiff in the Second Action in the event the Sealed Documents are filed publicly on this Court's ECF system.

## **CONCLUSION**

For the foregoing reasons, the Court should grant this Motion and signed Plaintiff's Proposed Order to Seal filed concurrently herewith.

Dated:   January 29, 2024

Respectfully Submitted,

By: /s/ *Andrew T. Miltenberg*
     Andrew T. Miltenberg
State Bar No. 2399582
Kara L. Gorycki
State Bar No. 4140992
NESENOFF & MILTENBERG, LLP
363 Seventh Avenue
Fifth Floor
New York, New York 10001
(212) 736-4500
amiltenberg@nmllplaw.com
kgorycki@nmllplaw.com
*Attorney for Plaintiff*


By: /s/ Robert C. Ekstrand
     Robert C. Ekstrand
EKSTRAND AND EKSTRAND, LLP
Robert C. Ekstrand, Esq.
N.C. Bar No. 26673
110 Swift Avenue, 2nd Floor Durham, North Carolina 27705 Tel. (919) 416-4590
rce@ninthstreetlaw.com
*Local Civil Rule 83.1(d) Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

  I hereby certify that on January 29, 2024, a true and correct copy of the foregoing was served by CM/ECF on all counsel of record.

/s/ <em>Andrew T. Miltenberg</em>

9

Case 5:22-cv-00500-D-BM   Document 48-1   Filed 01/29/24   Page 10 of 10